**GENERAL ELECTRIC COMPANY**

v.

**CIVIL SERVICE EMPLOYEES COOPERATIVE ASSOCIATION and Samuel Field.**

Civ. A. No. 18124.

United States District Court
E. D. Pennsylvania.

March 25, 1955.

Francis Hopkinson, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff.

Delbert T. Kirk, Philadelphia, Pa., for Civil Service Employees Coop. Ass'n. ·

Richard D. Solo, Lipschutz, Solo & Bergman, Philadelphia, Pa., for Samuel Feld.

KIRKPATRICK, Chief Judge.

█ The only defense which can be seriously urged on behalf of the defendant, Feld, is that the plaintiff has forfeited its right to an injunction by inducing him to stock up with General Electric appliances, knowing that he expected to sell them at a discount from the fair trade price. I have no doubt that the offer of a special price to Feld on the items in question did induce him to buy a much larger quantity of them for resale than he otherwise would have done, but I do not believe that it was the only consideration, or even a major one, in causing him to execute a five year lease with the Cooperative.

Whether the sales agent who sold Feld the merchandise knew about the prices at which the latter expected to retail them is immaterial, because the sales were not made by this plaintiff but by another and separate corporation. General Electric Supply Company which actually made the sales is a division of General Electric Distributing Corporation, all of the stock of which is owned by the plaintiff. However, there is no evidence whatever that the plaintiff controls the conduct of the business of either the Distributing Corporation or the Supply Company in any way. The Distributing Corporation is a separately incorporated company, it has a separate board of directors and officers, it buys and sells for its own account and has separate offices, departments and employees. There is nothing to contradict the plaintiff's evidence that the Distributing Corporation operates independently of the plaintiff. The fact is that the Distributing Corporation sells, to some extent at least, articles which compete directly with those of the plaintiff's manufacture.

For the above reason, the defense based on estoppel must fall, and the practically undisputed testimony calls for the issuance of an injunction. ·

█ As to the Cooperative: It is undisputed that this defendant is not offering for sale or selling any of the plaintiff's fair-traded merchandise. The plaintiff's case depends upon the proposition that the Cooperative has contributed to Feld's unfair competition through the lease which it made with him. · ·

█ It is, of course, true that a person who induces another to engage in unfair competition or contributes to the wrongful act, as by furnishing the means of consummating it, is liable therefor, 87 C.J.S., Trade-Marks, etc., § 193, but it is extremely doubtful that this principle would apply to a case like the present which, as was pointed out by Judge Goodrich, speaking for the Court of Appeals, in Sunbeam Corp. v. Civil Service Employees' Coop. Ass'n, 3 Cir., 187 F.2d 768, involves a kind of "statutory unfair competition" as distinguished from a case of true tort involving fraud on the public or illegal appropriation of a plaintiff's trademark or trade name. However, that question need not be considered, because I find nothing in the lease—the only proved connection between the Cooperative and Feld—which requires him to sell any of the plaintiff's merchandise whatever. Not all electrical household appliances are fair traded and there is nothing to show that Feld would not be able to conduct his business without handling any of the plaintiff's merchandise. Under the lease, he is free to sell any brand of merchandise he desires. The Cooperative cannot compel him to sell the plaintiff's nor can it prevent him from doing so.

█ The defendant, by its lease, furnishes Feld with a place for the conduct of his business and it also, in a sense, supplies him with customers. It undoubtedly knows what he is doing but mere knowledge that some one else is selling fair-traded articles at a discount, coupled with willingness that he should

do so, does not make one a participant in the sales. It is to be noted that the statute does not make selling fair-traded articles at a discount an offense. In fact, it does not even forbid it, at least expressly. The only effect that the statute has, so far as I can see, is that the person selling the articles can be stopped by injunction.

In the absence of evidence as to participation by the Cooperative in Feld's violation of the Fair Trade Law, the injunction as to the Cooperative must be denied and the complaint dismissed.